AO 257 (Rev. 6/78)

## DEFENDANT INFORMATION RELATIVE TO A CRIMINAL ACTION - IN U.S. DISTRICT COURT

BY: ☒ COMPLAINT ☐ INFORMATION ☐ INDICTMENT ☐ SUPERSEDING

---- OFFENSE CHARGED ----

18 USC 922(g)(1) -- Felon in possession of a firearm

☐ Petty
☐ Minor
☐ Misdemeanor
☒ Felony

PENALTY: Imprisonment: 10 years; Fine: $250,000; Supervised Release: 3 years; Special Assessment: $100; Forfeiture of firearms and ammunition

Name of District Court, and/or Judge/Magistrate Location
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND DIVISION

---- DEFENDANT - U.S ----

▶ Dylan Zirpolo

DISTRICT COURT NUMBER
4:21-mj-71114-MAG

FILED
Jul 02 2021
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

---- PROCEEDING ----

Name of Complaintant Agency, or Person (& Title, if any)
ATF

☐ person is awaiting trial in another Federal or State Court, give name of court

☐ this person/proceeding is transferred from another district per (circle one) FRCrp 20, 21, or 40. Show District

☐ this is a reprosecution of charges previously dismissed which were dismissed on motion of:
☐ U.S. ATTORNEY ☐ DEFENSE

SHOW DOCKET NO.

☐ this prosecution relates to a pending case involving this same defendant

MAGISTRATE CASE NO.

☐ prior proceedings or appearance(s) before U.S. Magistrate regarding this defendant were recorded under

Name and Office of Person Furnishing Information on this form  STEPHANIE M. HINDS
☒ U.S. Attorney ☐ Other U.S. Agency

Name of Assistant U.S. Attorney (if assigned)  ANKUR SHINGAL

---- DEFENDANT ----

**IS NOT IN CUSTODY**
Has not been arrested, pending outcome this proceeding.
1) ☒ If not detained give date any prior summons was served on above charges ▶

2) ☐ Is a Fugitive

3) ☐ Is on Bail or Release from (show District)

**IS IN CUSTODY**
4) ☐ On this charge
5) ☐ On another conviction        ☐ Federal ☐ State
6) ☐ Awaiting trial on other charges
   If answer to (6) is "Yes", show name of institution

Has detainer been filed?  ☐ Yes  ☐ No
If "Yes" give date filed

DATE OF ARREST ▶ Month/Day/Year
Or... if Arresting Agency & Warrant were not
DATE TRANSFERRED TO U.S. CUSTODY ▶ Month/Day/Year

☐ This report amends AO 257 previously submitted

---- ADDITIONAL INFORMATION OR COMMENTS ----

PROCESS:
☐ SUMMONS ☐ NO PROCESS* ☒ WARRANT    Bail Amount:

If Summons, complete following:
☐ Arraignment ☐ Initial Appearance
Defendant Address:

* Where defendant previously apprehended on complaint, no new summons or warrant needed, since Magistrate has scheduled arraignment

Date/Time:              Before Judge:

Comments:

AO 91 (Rev. 11/11)  Criminal Complaint

# UNITED STATES DISTRICT COURT
for the
Northern District of California

| | |
|---|---|
| United States of America<br>v.<br>Dylan Zirpolo<br><br>*Defendant(s)* | Case No. 4:21-mj-71114-MAG |

**FILED**
Jul 02 2021
SUSAN Y. SOONG
CLERK, U.S. DISTRICT COURT
NORTHERN DISTRICT OF CALIFORNIA
OAKLAND

## CRIMINAL COMPLAINT

I, the complainant in this case, state that the following is true to the best of my knowledge and belief.

On or about the date(s) of __May 15, 2021__ in the county of __Alameda__ in the __Northern__ District of __California__, the defendant(s) violated:

| Code Section | Offense Description |
|---|---|
| 18 USC 922(g)(1) | Felon in possession of a firearm |

This criminal complaint is based on these facts:
See attached affidavit of ATF Special Agent Payton Smith

☑ Continued on the attached sheet.

Approved as to form  *Ankur Shingal*
AUSA *Ankur Shingal*

/s/
*Complainant's signature*

ATF Special Agent Payton Smith
*Printed name and title*

Sworn to before me by telephone.

Date: July 2, 2021

City and state: San Jose, ~~Oakland~~, California

Hon. Susan van Keulen, US Mag Judge
*Printed name and title*

## AFFIDAVIT IN SUPPORT OF CRIMINAL COMPLAINT

I, Payton Smith, being duly sworn, hereby state as follows:

### I. INTRODUCTION

1. I make this affidavit in support of the issuance of a criminal complaint and a federal arrest warrant for Dylan ZIRPOLO ("ZIRPOLO"). There is probable cause to believe that on or about May 15, 2021, ZIRPOLO violated Title 18 United States Code, Section 922(g)(1), Felon in Possession of a Firearm.

### II. AFFIANT BACKGROUND

2. I am a Special Agent with Bureau of Alcohol, Tobacco, Firearms, and Explosives (ATF) and have been so employed since March 2020. I am presently assigned to the ATF San Francisco Metro Field Office in San Francisco, California. I am an investigative or law enforcement officer of the United States within the meaning of 18 U.S.C. § 2510(7), that is, an officer of the United States who is empowered by law to conduct investigations of and to make arrests for offenses enumerated in 18 U.S.C. § 2516. I was trained as an ATF Special Agent at the Federal Law Enforcement Training Center in Glynco, Georgia.

3. As an ATF Special Agent, I have been trained to conduct and participate in both state and federal investigations involving the trafficking of firearms and distribution of controlled substances. I have received training in investigating and assisting in the prosecution of criminal street gangs engaged in illegal narcotics and firearms trafficking. I have received training and participated in various types of investigative techniques, including using electronic surveillance, undercover agents, and informants.

4. The facts and information set forth in this affidavit are based on my personal observations, my training and experience, discussion with more experienced law enforcement

officers/agents and, as specifically attributed below, information obtained from law enforcement officers and witnesses. To the extent that any information in the affidavit is not within my personal knowledge, it has been made available to me through reliable law enforcement sources, and I believe such information to be true. This affidavit is made for the sole purpose of demonstrating probable cause for the issuance of the requested complaint and does not set forth all my knowledge of, or investigation into, this matter. In addition, where I report information I learned from others or from reviewing documents and reports prepared by others, such information is recounted in sum and substance and in relevant part.

### III. APPLICABLE LAW

5. The elements of a violation of Title 18, United States Code, Section 922(g)(1) are as follows: (1) the defendant knowingly possessed a firearm or ammunition; (2) that firearm or ammunition had been shipped and or transported from one state to another, or between a foreign nation and the United States, affecting interstate commerce; (3) at the time of possession, the defendant had been convicted of a crime punishable by a prison term or more than one year; and (4) at the time of possession, the defendant knew that he had been convicted of a crime punishable by imprisonment for a term exceeding one year.

### IV. FACTS ESTABLISHING PROBABLE CAUSE

#### A. ZIRPOLO Was Arrested While in Possession of a Firearm

6. On May 15, 2021, Oakland Police Department (OPD) Officers responded to a report of an individual with a firearm around the 2000 Block of Gleason Avenue in Oakland, CA. The reporting party also stated that there had been a second individual in the vehicle. OPD was informed that the individual was a male driver of a silver BMW. Upon arrival to the area, OPD officers located a silver BMW occupied by a male in the driver seat.

7. OPD officers initiated a high-risk vehicle stop on the silver BMW based on information from the reporting party that the individual was in possession of a firearm. OPD officers ordered the driver, later identified as ZIRPOLO, to exit the vehicle. ZIRPOLO did not immediately comply with OPD officers commands to exit the vehicle and raise his hands. ZIRPOLO was observed by OPD officers reaching near his feet and the floor of the vehicle. When ZIRPOLO did comply with OPD officers commands to exit the vehicle and raise his hands, he was taken into OPD custody.

8. OPD officers conducted a check of the silver BMW for additional occupants. While checking the vehicle for additional occupants, OPD officers observed an HS Produkt, Springfield Armory Inc., XD-40, .40 S&W caliber handgun bearing serial number US277933 in plain view on the floorboard of the driver side of the vehicle. OPD officers observed that the firearm had a magazine in it. OPD officers further observed that the firearm was loaded with a round in the chamber and additional rounds of ammunition in the magazine. Depicted below is a

screenshot from one of the officer's body-worn camera video depicting the firearm on the driver's side floorboard:



9. An OPD officer advised ZIRPOLO of his rights using an OPD statement form. ZIRPOLO indicated that he understood his rights. ZIRPOLO then stated that he wanted to speak to a different OPD officer. The second OPD officer advised ZIRPOLO of his rights using an OPD statement form. ZIRPOLO indicated that he understood his rights. ZIRPOLO then stated that he knew that the firearm was in the vehicle, but that it did not belong to him. In his statement, ZIRPOLO indicated that he had the firearm because Oakland is a dangerous place and his friend had recently been shot in Oakland.

10. OPD officers later interviewed the reporting party who stated they had observed a silver BMW parked in front of their residence via a home security system and that the vehicle

was occupied by a male and a female. The reporting party stated that they observed the driver of the vehicle, later identified as ZIRPOLO, exit the driver seat of the vehicle and grab a handgun from inside of the vehicle.

### B. ZIRPOLO Was a Convicted Felon and Knew of his Prohibited Status at the Time of Possession

11. ZIRPOLO has been convicted of multiple crimes, several of which are punishable by a term of imprisonment greater than one year. These felony convictions include:

   a. On June 10, 2015, ZIRPOLO was convicted in San Mateo County, California of violating California Penal Code (PC) § 266H(A) – Pimping, and sentenced to two (2) years and two (2) months of imprisonment.

   b. On August 13, 2020, ZIRPOLO was convicted in San Francisco, California of violating California PC § 422 – Threatening a Crime with Intent to Terrorize, and sentenced to two (2) years of imprisonment.

   c. On August 13, 2020, ZIRPOLO was convicted of California PC § 273.5(a) – Inflicting Corporal Injury on a Spouse, Cohabitant or Date, and sentenced to four (4) years imprisonment.

### C. The Firearm Possessed by ZIRPOLO Traveled in Interstate or Foreign Commerce

12. An investigation into the firearm possessed by ZIRPOLO revealed that it was manufactured outside the state of California. Therefore, the firearm traveled in interstate and or foreign commerce.

### V. CONCLUSION

13. Based on the above, there is probable cause to believe that on or about May 15, 2021, ZIRPOLO violated 18 United Stated Code Section 922(g)(1) in the Northern District of California.

Dated: __7/1/2021_____        /s/ Payton Smith
                                             PAYTON SMITH
                                             Special Agent
                                             Bureau Alcohol, Tobacco, Firearms, Explosives